IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MIGUEL GUEVARA AND UDELFIDA GUEVARA, § § § | |
| *Plaintiffs*, § § | Civil Action No. SA-14-CV-756-XR |
| v. § § | |
| GREEN TREE SERVICING LLC, AND WES HIATT, or W.A. MARTY LACOUTURE, TRUSTEES, § § § | |
| *Defendants*. | |

## ORDER

On this day the Court considers its jurisdiction over this removed case and Defendants' motion for leave to file a counterclaim (docket no. 8). For the following reasons, the Court determines that Defendants Wes Hiatt and W.A. Marty Lacouture were improperly joined. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' claims against Hiatt and Lacouture pursuant to Federal Rule of Civil Procedure 21. The Court also GRANTS the motion for leave to file a counterclaim.

### I.   BACKGROUND

Plaintiffs Miguel Guevara and Udelfida Guevara filed their state-court application for a temporary restraining order and temporary injunction (hereinafter "Petition") against Defendants Green Tree Servicing LLC, and Wes Hiatt, or W.A. Marty Lacouture in the 407th Judicial District Court of Bexar County, Texas, on March 31, 2014. Plaintiffs' Petition was filed ahead of an impending foreclosure of their home located at 1322 Pearl Field, San Antonio, Texas. The state court granted a temporary restraining order on March 31, 2014.

Though it is unclear from the Petition, Green Tree appears to be sued in its capacity as the mortgage servicer, and Hiatt and Lacouture are sued in their capacity as substitute trustees to the Deed of Trust.

Defendants Hiatt and Lacouture answered the Petition on June 30, 2014. Defendant Green Tree answered the Petition on July 25, 2014. Defendants Hiatt and Lacouture moved to dismiss the state court action against them on August 15, 2014. Before the state court could rule on that motion, Defendant Green Tree removed the case to federal court based on diversity jurisdiction on August 25, 2014.

## II.     Legal Standard

A state court civil action may only be removed to federal court if the federal court would have had original jurisdiction had the case been filed in federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity—i.e. when no plaintiff is a citizen of the same state as any defendant. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

Not all named defendants are considered for diversity analysis. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). A court may ignore improperly joined, non-diverse defendants. *Id.* To establish improper joinder, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Once a court determines a

defendant to be improperly joined, the defendant is effectively dismissed from the action. *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x. 340, 347 (5th Cir. 2013) (per curiam). An improperly joined defendant may be dismissed under Federal Rule of Civil Procedure 21. *Id.*[1] The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014).

### III.   ANALYSIS

#### A. Jurisdiction

Plaintiffs have not contested jurisdiction or filed a motion to remand, but the Court has "a continuing obligation to examine the basis for [its] jurisdiction" and may raise the issue *sua sponte*. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Green Tree removed the case based on diversity jurisdiction. Plaintiffs are citizens of Texas. Defendant Green Tree Servicing LLC is a Delaware limited liability company with its principal office in Minnesota. The citizenship of a limited liability company is determined by the citizenship of each one of its members. *See Alsobrook v. GMAC Mortgage, L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013). Accordingly, if any member of Green Tree Servicing LLC is a Texas citizen, or any member of an LLC that is a member of Green Tree is a citizen of Texas, etc., complete diversity would not exist. Green Tree and all of its members are not citizens of Texas.

Since Plaintiffs seek to enjoin a foreclosure sale, the amount in controversy is the value of Plaintiffs' property. *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). The Bexar County Appraisal District

---

[1] Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

valued Plaintiffs' property at $226,890.00.  The Court therefore has subject-matter jurisdiction based on diversity jurisdiction if Defendants Hiatt and Lacouture were improperly joined in this case, as the two are indisputably citizens of Texas.  *See* 28 U.S.C. § 1332(a).

### B. Improper Joinder

To establish improper joinder, a removing party must show a plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).  A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The improper joinder analysis closely resembles a Rule 12(b)(6) analysis. *Id*.

Here, Plaintiffs have no reasonable basis for a cause of action against Defendants Hiatt and Lacouture.  The Petition only states that Plaintiffs have a "pending loan modification with the current note servicer" and then asks for the Defendants to be temporarily restrained and enjoined.  Aside from naming them as parties, the Petition states no facts or causes of action against Hiatt and Lacouture.  Hiatt and Lacouture are involved in this matter only as substitute trustees.  Neither is a party to the mortgage or any potential modification of the mortgage. Under Texas law, substitute trustees are not proper parties for foreclosure lawsuits except under limited circumstances, none of which Plaintiffs plead here.  *See* TEX. PROP. CODE § 51.007(f).

Therefore, the Court finds that Plaintiffs cannot establish causes of action against either Hiatt or Lacouture. *See* FED. R. CIV. P. 8(a) ("[A] claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [] and [] a demand for

the relief sought."). Accordingly, Hiatt and Lacouture were improperly joined. *Smallwood*, 385 F.3d at 573. The Court dismisses Defendants Hiatt and Lacouture from this case pursuant to Federal Rule of Civil Procedure 21. *See Akerblom*, 509 F. App'x at 347.

### C. Green Tree's Motion for Leave to File Counterclaim

Defendants may amend their answer or file a counterclaim only with Plaintiffs' agreement or by leave of Court. Plaintiffs have not consented for Green Tree to file a counterclaim. Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). The decision to grant or deny a motion for leave to amend or file a counterclaim is within the sound discretion of the trial court. *Id*. In exercising its discretion, the trial court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because the Court has not issued a scheduling order and the case is in its early stages, the Court finds no undue delay, bad faith, or undue prejudice to Plaintiffs by permitting leave to file. The Court therefore grants Green Tree's motion for leave to file a counterclaim.

### IV. CONCLUSION

The Court finds that Defendants Wes Hiatt and W.A. Marty LaCouture were improperly joined to this action. Accordingly, Hiatt and Lacouture are DISMISSED

WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 21.  Additionally, the Court GRANTS Green Tree's motion for leave to file a counterclaim (docket no. 8).

It is so ORDERED.

SIGNED this 2nd day of October, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE