UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MIGUEL GUEVARA AND UDELFIDA GUEVARA, | § § § § |
| *Plaintiffs*, | § § Civil Action No.  SA-14-CV-756-XR |
| v. | § § |
| GREEN TREE SERVICING LLC, | § § |
| *Defendant*. | § |

**ORDER**

On this day the Court considered Plaintiffs' attorney Jacques Y. LeBlanc's Motion to Withdraw as Counsel.  Docket no. 20.

### I.  Background

This is a foreclosure case where the state court granted a temporary restraining order (TRO) to stop a foreclosure sale after an *ex parte* hearing.  Mr. LeBlanc filed the ex parte TRO which alleged that time was needed to review a proposed modification and repayment agreement.  No causes of action were alleged.  There was not a single citation to any statute or case.  The state trial court signed a pre-prepared order that recited that it "clearly appears from specific facts shown by Plaintiff's [sic] verified application that immediate and irreparable injury, loss or damage will result…."  The order further recited that "Plaintiff [sic] has exercised due diligence in obtaining financing necessary to cure the default."

Defendants timely removed this case on August 25, 2014.  This Court issued a letter on August 25, 2015 asking LeBlanc to file for permission to practice in the United States District Court for the Western District of Texas because he is not admitted to practice here.  Docket no.

3. LeBlanc had six months to file for full admittance to practice in this Court, file a *pro hac vice* motion, or submit a motion to withdraw as counsel. He chose to do nothing. Defendant's counsel has informed the Court that LeBlanc effectively smoke-screened her from properly pursuing the case; promising multiple times to withdraw so Defendant could interact directly with Plaintiffs but never following through.

On February 25, 2015 the Court set a status conference in this case for April 2, 2015. Docket no. 13. Neither LeBlanc nor his clients saw fit to attend the conference or advise the Court they would be absent. As such, the Court issued an Order to Show Cause for the absence. Docket no. 17. LeBlanc responded to the Order to Show Cause on April 9, 2015. Docket no. 19. With it, he also filed a Motion to Withdraw as Counsel. Docket no. 20.

II.     **LeBlanc's Response to the Order to Show Cause**

LeBlanc says he did not receive proper notice of the conference due to "computer/server problems" such that he often does not receive notices, but even when he does he "can't see the documents or orders." Docket no. 19. However, LeBlanc admits to having prior knowledge of the hearing, but felt his "presence was not required." LeBlanc apologizes multiple times to the Court in his response to the Order to Show Cause, and insists he does not seek to offer excuses. Yet, in the same breath he often offers excuses like he "had another case which consumed [his] time that day," and that he is not familiar with the "rule and procedures" of federal court.

Lack of knowledge of procedure and business conflicts are inadequate explanations for a lack of courtesy to the Court. LeBlanc openly admits to receiving notifications from a federal court and simply shrugged his shoulders when he allegedly could not access the contents of the notification. What important information could the court possibly be trying to provide to a lawyer representing a party before it? LeBlanc's attitude answered that question with a "who

2

cares?"  Apparently he did not think it important enough to pick up the telephone to call the Clerk's office or Chambers to figure out why he was receiving notices.[1]

LeBlanc argues that his "representation of the Plaintiffs was by agreement limited to the Temporary Restraining Order which halted the foreclosure of their property."  Docket no. 18.  He says he advised the Plaintiffs "that any further action would require them retaining another attorney."  *Id*.  Since filing for the temporary restraining order, he "had not had any contact with Plaintiffs."  *Id*.

### III.    LeBlanc's Prior Conduct

This is neither the first time one of LeBlanc's foreclosure cases was removed to federal court, nor is it the first time he has failed to respond to a letter from a federal court asking him to file a *pro hac vice* motion or some other motion.  Although LeBlanc represented that he does not practice in the federal courts, LeBlanc is currently representing a criminal defendant in a case before Judge Garcia.  Eventually, he did complete a *pro hac vice* motion and has filed documents in that case.

LeBlanc's history with the United States District Court for the Western District of Texas began five years ago in *Cardenas et al v. Federal National Mortgage Association et al*, 5:10-cv-00775-OLG.  In that case, LeBlanc never responded to a letter from the Court asking him to appear *pro hac vice*. *Id.* docket no. 3.  When LeBlanc and his client did not respond to a motion for summary judgment, Judge Garcia referred the matter to Magistrate Judge Mathy.  Magistrate Judge Mathy issued a show cause order for the lack of response.  *Id*. docket no. 24.  LeBlanc responded with a motion for extension of time, which was granted, but ultimately never responded to the motion for summary judgment.  *Id*. docket no. 25.  Magistrate Judge Mathy recommended the case be dismissed with prejudice, adding

---

[1] This is not the first time. See "Section III – Leblanc's Prior Conduct" below.

> More than one year has elapsed since plaintiffs' counsel was notified of the issue and the docket sheet does not show counsel has addressed and cured the problem. The undersigned has no explanation for why counsel has not filed a motion for leave to proceed *pro hac vice*, even if counsel does not want to become licensed in this Court. As notified in the Order to show cause, this report recommends that plaintiffs' counsel's notice of appearance be stricken. The undersigned anticipates that the District Court will wish to pursue the matter further. One option may be for the District Court to enter an Order that precludes plaintiffs' counsel from representing any party in any proceeding in this Court unless counsel first files a motion that asks for leave to enter an appearance, explains the relevant procedural history of this case as it relates to counsel's appearance, offers a satisfactory explanation for counsel's failure to seek and obtain admission in this Court or seek and obtain leave to proceed *pro hac vice*, and is granted leave to enter an appearance.

*Id*. docket no. 27.  Before Judge Garcia could act on the motion for summary judgment or LeBlanc's failure to appear, the parties entered an agreed stipulation of dismissal.  LeBlanc's behavior has gone unchecked ever since.

LeBlanc filed virtually identical petitions as the one in this case in *Gomez III v. Bank of America NA et al.*, 5:12-cv-00132-XR, and *Ortiz. et al. v. Bank of America, N.A., et al.*, 5:12-cv-00259-XR. In both of those cases, LeBlanc did not respond to the letters from the Court asking him to appear *pro hac vice*. Both cases were dismissed without prejudice after the defendants filed motions to dismiss and LeBlanc never responded.  *See* 5:12-cv-00132-XR and 5:12-cv-00259-XR, docket nos. 4.  The Court granted LeBlanc and his clients leave for 30 days to amend their complaint to add substantive causes of action, but judgment was eventually entered when the plaintiffs never responded.

LeBlanc filed a similar petition with no substantive causes of action but was granted a TRO by the state court before the defendant removed to Chief Judge Biery's Court in *Kifuri III v. Wells Fargo Bank, N.A.*, 5:12-cv-01090-FB.  That case was dismissed after the defendant filed a

motion to dismiss and neither LeBlanc nor his clients responded. 5:12-cv-01090-FB, docket no. 5.

The same sequence transpired in Judge Hudspeth's case in *Beltran v. Wells Fargo Bank, N.A.*, 5:13-cv-00524-HLH. Judge Hudspeth ordered LeBlanc or his clients to respond to the pending motion to dismiss, but the court's order was ignored. 5:13-cv-00524-HLH, docket no. 5. Judge Hudspeth granted the motion to dismiss.

Judge Ezra also dealt with LeBlanc's failure to respond to a motion to dismiss after his client was granted a TRO in state court in *Amezcua v. Ocwen Loan Servicing, LLC*, 5:14-cv-01018-DAE. LeBlanc's lack of participation caused Judge Ezra to set, and then cancel, two different hearings before the case was dismissed. 2015 WL 671600.

In *Garcia v. Bank of America*, N.A., 5:14-cv-00731-FB, Chief Judge Biery issued the same *pro hac vice* letter to LeBlanc only one week before the Court sent the letter in this case. When LeBlanc failed to comply or participate in the case further, Chief Judge Biery dismissed the action for want of prosecution. 5:14-cv-00731-FB docket no. 7.

LeBlanc is the criminal defense attorney of record for Prasanta Bardhan in *USA v. Ali et al.*, 5:13-cr-00580-OLG-17. In that case, which is still pending, the court issued a letter asking LeBlanc to appear *pro hac vice*. 5:13-cr-00580-OLG-17, docket no. 298. LeBlanc apparently came before Magistrate Primomo and filed the motion. *Id*. docket no. 303. Judge Garcia granted the motion and LeBlanc was required to "register for electronic filing with our court within 10 days of September 27, 2013."[2]

---

[2] It appears LeBlanc failed to comply with Judge Garcia's order, as the Court issued a letter to him after it received a return to sender notification reminding LeBlanc that his registration in CM/ECF was "mandatory." *Id*. docket no. 349. It is likely that LeBlanc's failure to register in the CM/ECF system would compromise his ability to properly represent his client in a complex criminal matter.

Finally, and most egregiously in the context of this case, LeBlanc filed the same form petition in *Guevara, et al v. Bank of America, N.A.*, *et al*., 5:13-cv-00111-DAE.  There, LeBlanc represented the same plaintiffs, Udelfida and Miguel Guevara, and received a TRO in state court before the case was removed.  When LeBlanc failed to respond to the letter asking him to file *pro hac vice*, the Court left several phone messages for him with no response.  5:13-cv-00111-DAE, docket entry from March 4, 2013.  Judge Ezra then set a hearing, prompting LeBlanc to finally respond that "he no longer represented Plaintiffs and that he did not have their contact information."  Eventually, because the Court could not locate Plaintiffs Udelfida and Miguel Guevara, Judge Ezra dismissed the case without prejudice for want of prosecution.

### IV.     The Court's Concerns: Ethics and Courtesy

The Court has two categories of concern: 1) ethical obligations, and 2) courtesy and case management. LeBlanc's actions here illuminate the ethical problems lawyers trigger when they file for TROs in foreclosure cases.

#### A.  Ethical Obligations

Rule 3.01 of the Texas Disciplinary Rules of Professional Conduct states, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous."  Rule 3.01, Comment 2 says an action taken can be "frivolous if the lawyer is unable either to make a good faith argument that the action taken is consistent with existing law or that it may be supported by a good faith argument for an extension, modification or reversal of existing law."  Rule 3.01, Comment 1 imposes a duty on attorneys "not to abuse legal procedure."  Rule 3.01, Comment 1 also says, "A filing or contention is frivolous if it contains knowingly false statements of fact,"

but it goes on, "[i]t is not frivolous, however, merely because the facts have not been first substantiated fully or because the lawyer expects to develop vital evidence only by discovery."

Further, Texas Disciplinary Rule of Professional Conduct 3.03(a)(3) provides "A lawyer shall not knowingly . . . in an *ex parte* proceeding, fail to disclose to the tribunal an unprivileged fact which the lawyer reasonably believes should be known by that entity for it to make an informed decision." Rule 3.03, Comment 4 further illuminates the *ex parte* proceeding rule:

> The object of an *ex parte* proceeding is [] to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of unprivileged material facts known to the lawyer if the lawyer reasonably believes the tribunal will not reach a just decision unless informed of those facts.

LeBlanc admits to being contacted by a real estate agent and asked to file the emergency TRO. This was not his first TRO filing in a foreclosure case, or even with these same Plaintiffs, as he has a network "of real estate agents who may have referred" Plaintiffs to him. LeBlanc appears to have done no independent research or made any attempt to verify the claims of his new "clients." It is unclear if LeBlanc knew that he previously represented these Plaintiffs in an identical situation that was removed to Judge Ezra, but if he did, he failed to divulge this information to this Court. He also apparently made no attempt to divulge any countervailing facts to the state court in the ex parte proceeding, like that he previously represented the same clients in an identical case that was eventually dismissed.

Unfortunately, this appears to be a common practice in Texas. This Court, along with many federal courts in Texas, has been inundated in recent years with removed foreclosure cases. In these cases, plaintiffs oftentimes file meritless claims with no tenable causes of action in state court and ask for a temporary restraining order to block an imminent foreclosure sale *ex parte*.

*See, e.g.*, docket no. 1-2 (Plaintiffs' petition lacking any factual allegations or causes of action; and simply asking the state court for a TRO to block a foreclosure sale without proffering even one valid legal reason). Once the banks learn of the restraining order, they remove the cases to federal court, where federal courts are left to clean up the mess; almost always dismissing the cases for lacking bases in law or fact.

    B. <u>Courtesy</u>

Even assuming filing for these TROs is ethically permissible, LeBlanc's handling of this case was unprofessional and discourteous. He claims Plaintiffs agreed "any further action" beyond acquiring the TRO "would require them retaining another attorney." But in the year since filing the action, LeBlanc did not inform the state court, Defendants, or this Court of such an arrangement. All of his previous cases followed the same pattern.

While this case continued in state court, the judges there had no idea LeBlanc no longer represented Plaintiffs. LeBlanc was served answers from the two previously severed defendants in this case, as well as with Defendants' state court answer, a full three months after Plaintiffs were granted their TRO. The case remained in state court for another month before removal. *See* docket no. 1-7. LeBlanc continued to accept service of court documents without objecting or informing the state court he was no longer involved in the case. LeBlanc similarly ignored the continued service from federal court in all of his other removed cases, often causing the cases to linger on the docket and delay eventual rulings for defendants for far longer than necessary. See, e.g., *Guevara, et al v. Bank of America, N.A., et al.*, 5:13-cv-00111-DAE; *Cardenas et al v. Federal National Mortgage Association et al*, 5:10-cv-00775-OLG.

Instead, he played some form of gamesmanship with Defendants' counsel, promising that he planned to file a motion to withdraw as counsel multiple times so Defendants could reach out

to Plaintiffs as unrepresented parties. Filing a motion to withdraw would not have been complicated or time consuming. It kept "slipping" LeBlanc's mind. It appears to have slipped his mind at least seven other times. He has wasted this Court's time on 3 separate occasions now. Every judge in the San Antonio Division have been forced to deal with LeBlanc failing to respond to motions or failing to notify the court that he has withdrawn. He represented these same Plaintiffs two years ago, prompting a similar issue with Judge Ezra. LeBlanc failed to apprise the Court of the previous situation with Judge Ezra in either of his filings. His behavior is unacceptable and should not be repeated by him or any other attorney.

### V.     Motion to Withdraw as Counsel

LeBlanc gives two reasons for his motion to withdraw: 1) "Counsel is not licensed to practice in Federal Court, and as such is not legally authorized to appear or participate as Counsel for Plaintiffs in this matter; Counsel has not made a petition to appear pro hac vice, nor is he intending to make any such petition. 2) Counsel's representation of Plaintiff[s] was limited by agreement to a very limited purpose, and was terminated as soon as the underlying Temporary Restraining order was granted." Texas Disciplinary Rule of Professional Conduct 1.02(b) permits a lawyer to "limit the scope, objectives and general methods of the representation if the client consents after consultation."

Because Plaintiffs apparently consented to the limited scope of LeBlanc's representation, the Court GRANTS LeBlanc's motion to withdraw as counsel (docket no. 20). The Court also finds good cause to grant the motion under Texas Disciplinary Rule of Professional Conduct 1.15(b)(7), as LeBlanc's has demonstrated a lack of knowledge of federal court rules and practice means he cannot adequately represent Plaintiffs' interests in this case.

LeBlanc is ordered to file a copy of this order with any federal court where one of his state cases has been removed to.  In the event that he files a motion to appear *pro hac vice* or an application for admission, LeBlanc shall provide a copy of this order to such federal court.

In the event that LeBlanc files an application for a temporary restraining order in a mortgage foreclosure case in a Texas state court, LeBlanc is ordered to file a copy of this order prior to or in conjunction with the TRO application and advise the state judge of this order prior to obtaining the TRO.

LeBlanc's motion indicates Plaintiffs are proceeding *pro se.*  Accordingly, the Clerk is directed to send a copy of this Order to Miguel Guevara and Udelfida Guevara at the following address:  10119 Wild Horse Parkway, San Antonio, Texas 78254.  Plaintiffs are instructed that within 30 days of this order, they must file an amended complaint that states a cause of action.  Alternatively, they should file a motion seeking additional time to file an amended complaint stating good cause for the need for an extension of time.  In the event that Plaintiffs fail to file an amended complaint or a motion within 30 days, they are advised that their case will be dismissed.  Plaintiffs are further advised that they may be contacted by the attorneys representing GREEN TREE SERVICING LLC.  In the event that they are contacted by mail or phone, Plaintiffs are under an obligation to communicate with these attorneys and cooperate with regard to any further prosecution of this case.

It is so ORDERED.

SIGNED this 14th day of April, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE