## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MIGUEL GUEVARA AND UDELFIDA GUEVARA, | § § § | |
| *Plaintiffs,* | § § | |
| | § | Civil Action No.  5:14-CV-00756-XR |
| v. | § § | |
| GREEN TREE SERVICING LLC, | § § | |
| *Defendants.* | § § § | |

## ORDER

On this day the Court considered Defendants' Motion for Summary Judgment as to Defendant's Counterclaim (docket no. 24).  For the following reasons the Court GRANTS the motion.

### I.      BACKGROUND

#### A.  Procedural Background

Plaintiffs Miguel and Udelfida Guevara filed their initial complaint in state court on March 13, 2014, and Defendant Green Tree Servicing, LLC, ("Green Tree") timely removed on August 25, 2014, properly invoking this Court's diversity jurisdiction.  (Docket no. 1).  Green Tree filed its Motion for Leave to File Counterclaim on September 19, 2014.  (Docket no. 8). The Court granted leave on October 2, 2014, and Green Tree filed its counterclaim that same day.  (Docket nos. 10 and 11).  In its counterclaim, Green Tree seeks a judicial order allowing it to foreclose on the Guevara's property.  (Docket no. 24, at 4-5).

On February 25, 2015, the Court issued an order setting a status conference and hearing on all pending motions for April 2, 2015.  (Docket no. 13).  Neither the Guevaras nor their

counsel, Jacques LeBlanc, attended the conference, nor did they advise the Court that they would be absent.  (Docket no. 22, at 1).  LeBlanc filed a Motion to Withdraw Counsel on April 9, 2015.  (Docket no. 20).  The Court granted the motion to withdraw on April 14, 2015.  (Docket no. 21).  At that time, the Court warned the Guevaras that "[i]n the event that Plaintiffs fail to file an amended complaint or a motion within 30 days, they are advised that their case will be dismissed."  (*Id.*)  The Guevaras failed to file a motion within 30 days, and their case was dismissed on May 19, 2015, leaving only Green Tree's counterclaim against them.  (Docket no. 22).  The Guevaras remain unrepresented by counsel.

Green Tree filed its Motion for Summary Judgment as to Defendant's Counterclaim on July 7, 2015.  (Docket no. 24).  The Guevaras have failed to respond to Green Tree's motion. The following facts are uncontroverted and supported by the evidence presented.

### B.  Undisputed Facts

The Guevaras executed a note (the "Note") in favor of Countrywide KB Home Loans on or about June 14, 2007, in the principal amount of $186,732.00 as purchase money for the property located at 1322 Pearl Fld., San Antonio, Texas 78245 (the "Property").  (Docket no. 24-2, at 2). The Property is more particularly described as:

> LOT 18, BLOCK 13, KB POTRANCO UNIT 7, BEXAR COUNTY, TEXAS; ACCORDING TO MAP OR PLAT RECORDED IN VOLUME 9570, PAGE 108, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(*Id.*)

The Note was secured by a deed of trust (the "Deed of Trust") on the Property dated June 14, 2007.  (Docket no. 24-3, at 2).  Mortgage Electronic Registration Systems, Inc. ("MERS") is identified in the Deed of Trust as (1) the nominee for the lender and its successors and assigns, and (2) the beneficiary of the Deed of Trust.  (*Id.*)  Effective August 3, 2009, MERS assigned the

2

Deed of Trust to BAC Home Loan Servicing, LP, ("BAC") formerly known as Countrywide Home Loans Servicing, LP. (Docket no. 24-4, at 2). BAC later merged with Bank of America, N.A. (Docket no. 24, at 2). Bank of America became the successor to the Deed of Trust by that merger. (*Id*.) Bank of America assigned the Deed of Trust to Green Tree on June 6, 2013. (Docket no. 24-5, at 2).

Currently, the Federal National Mortgage Association ("Fannie Mae") owns the Note and Green Tree is the authorized servicer of the Note. (Docket no. 24, at 2-3). Fannie Mae and Green Tree have an agreement under which Green Tree will administer the foreclosure of the Property in accordance with TEX. PROP. CODE § 51.0025. (*Id*. at 3).

Under the terms of the Note and Deed of Trust, the Guevaras were required to make monthly payments of $1,104.59 on the debt evidenced by the Note. (Docket no. 24-2, at 2). The Guevaras failed to make the payments due for August 2009 and all subsequent payments. (Docket no. 24, at 3). Bank of America (Green Tree's predecessor), sent the Guevaras a Notice of Default and Right to Cure on July 30, 2010. (Docket no. 24-6, at 3). The Guevaras have not taken any action to cure since. (Docket no. 24, at 3). As of July 30, 2015, the amount due under the terms of the Note and Deed of Trust will be $300,020.87. (*Id*.)

## II.     LEGAL STANDARD

A court shall grant summary judgment if the movant shows that there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine dispute over any material fact, the movant must submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or submit evidence supporting its affirmative defenses. *See* FED. R. CIV. P. 56(c).

3

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, put differently, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.4 (1986); *Rutherford v. Muniz*, 280 F. App'x 337, 338 (5th Cir. 2008).  In making this determination, the court should review all the evidence in the record, drawing all reasonable inferences in favor of the nonmovant and without making credibility determinations or weighing the evidence.  *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–555 (1990).  The court also considers "evidence supporting the moving party that is uncontradicted and unimpeached." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

### III.    ANALYSIS

The Guevaras have presented no evidence to refute Green Tree's counterclaim seeking judicial foreclosure.  Thus, Green Tree's evidence is "uncontradicted and unimpeached" and will be given credence.  *Reeves*, 530 U.S. at 151.

Three elements must be satisfied in order to foreclose on a property for the purpose of recovering on a debt due under a promissory note.  *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).  First, the party seeking foreclosure must show that it is the legal holder of an existing note.  *Id*.  Second, the party must show that the debtor executed the note.  *Id*.  Third, the party must show that an outstanding balance is due and owing.  *Id*.; *see also Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 958 (Tex. App.—Dallas 2013, no pet.) (articulating the same three elements).

Beginning with the first element, the affidavit testimony of Neumann establishes that Fannie Mae is currently the legal owner of the note, and has the right and capacity to enforce the

terms of the Note and foreclose on the Property.  (Docket no. 24-1, at 4).  Fannie Mae and Green Tree have agreed that Green Tree is the official servicer of the Note and shall administer the foreclosure of the Property.  (*Id*.)  Thus, the Court finds that Green Tree has satisfied the first element because the legal owner of the Note has authorized Green Tree to service the Note and effect the foreclosure.  Tex. Prop. Code § 51.0025(1) ("A mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee if the mortgage servicer and the mortgagee have entered into an assignment granting the current mortgage servicer authority to service the mortgage. . . ."); *see Nguyen v. Federal Nat. Mortg. Ass'n*, 958 F.Supp.2d 781, 789-90 (S.D. Tex. 2013) (allowing a mortgage servicer authorized by Fannie Mae to foreclose on a property when Fannie Mae was the legal holder of the note in question).

As to the second element, Green Tree has provided a copy of the original Note in question.  (Docket no. 24-2).  Both Miguel Guevara and Udelfida Guevara signed that Note.  (*Id*. at 4).  The affidavit testimony of Stephen W. Neumann, Vice President of Collections for Green Tree, also establishes that the Guevaras executed the Note.  (Docket no. 24-1, at 2-3).  No evidence exists to the contrary.  Therefore, Green Tree has satisfied the second element and showed that the Guevaras, the debtors, executed the Note.  *See Austin*, 261 S.W.3d at 72.

On the final element, Neumann's affidavit testimony establishes that the outstanding balance due and owing under the Note is $300,020.87.  (Docket no. 24-1, at 5).  Thus, Green Tree has satisfied the third element.  *See Austin*, 261 S.W.3d at 72.  All three elements for foreclosure are satisfied.  *Id*.; *see also Henning*, 405 S.W.3d at 962.   The Court therefore grants Green Tree summary judgment on its foreclosure counterclaim.

## IV.     CONCLUSION

For the above stated reasons, Defendant's Motion for Summary Judgment as to Defendant's Counterclaim (docket no. 24) is GRANTED.  Because there are no live claims in this case, the Clerk is directed to close the case.

It is so ORDERED.

SIGNED this 16th day of July, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE